UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

ALICIA S. OWENS )
)
V. ) NO. 2:12-CV-319
)
CAROLYN W. COLVIN, )
Commissioner of Social Security )

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 14 ] for an award of attorneys fees to the plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant does not take issue with the amount of the fee sought, but asserts that the request to have payment made directly to the plaintiff's counsel, rather than plaintiff herself, runs afoul of the Anti-Assignment Act, 31 U.S.C. § 3727 ["AAA"], as interpreted by the Supreme Court in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-2526 (2010). She also contends that the assignment by plaintiff of her claim for EAJA fees so that they may paid directly to counsel is ineffective under the AAA.

The plaintiff's case was recently remanded, upon a joint motion of the parties, by the District Judge to the defendant Commissioner for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

Plaintiff's counsel has requested that the EAJA attorney fees and costs be paid directly to him rather than to the plaintiff. However, before any amount is payable to anyone, the United States has the right under the AAA to determine if the plaintiff has a preexisting indebtedness to the United States which the amount awarded as a fee under the EAJA may offset. *See, Ratliff, supra.*

The Court presumes that once it approves the award of fees and costs, the inquiry will be promptly made of the Treasury Department as to whether any such indebtedness to the United States exists.

An affidavit of the hours expended by plaintiff's counsel and the costs incurred has been submitted. The undersigned finds both to be reasonable.

It is recommended that the plaintiff's Motion be GRANTED as to the amount of fees and costs sought, and that plaintiff be awarded EAJA fees in the amount of $1,025.00, and

2

costs in the amount of $17.85.  The Commissioner states that she "does not object to the Court including language in its order indicating that if the United States Department of the Treasury determines plaintiff does not owe a federal debt, the Commissioner will accept Plaintiff's assignment of EAJA fees and pay any EAJA award directly to Plaintiff's attorney."  It is therefore further recommended that payment of the fees and costs be made directly to plaintiff's counsel should it be determined that no debt is owed by plaintiff to the United States.[1]

                                             Respectfully recommended:

                                               s/ Dennis H. Inman
                                              United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).